

**SO ORDERED.**

**SIGNED this 21 day of April, 2008.**

                              **JAMES D. WALKER, JR.**
                        **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 08-50235-JDW |
| JESSICA BULLOCK, | ) | |
| | ) | |
| DEBTOR. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

| | |
|---|---|
| For Movant: | Rob Fenimore |
| | 440 Martin Luther King Blvd., Suite 302 |
| | Macon, Georgia 31201 |
| | |
| For Respondant: | Dyke Marler, pro se |
| | 520 Killian Hill Road, SW |
| | Lilburn, Georgia 30047 |

**MEMORANDUM OPINION**

This matter comes before the Court on the United States Trustee's motion for sanctions against a bankruptcy petition preparer. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(A). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

The United States Trustee filed a motion against bankruptcy petition preparer Dyke Marler, d/b/a Paralegal Services, seeking a fine against him of $13,000, reimbursement to Debtor Jessica Bullock of $249 in fees, and an injunction preventing him from preparing documents for filing in any United States Bankruptcy Court. The Court held a hearing on the motion on March 24, 2008, and based on the evidence presented, finds the relevant facts to be as follows:

Debtor contacted Mr. Marler by phone and paid him $249 to prepare her bankruptcy petition. The payment was indicated on Debtor's statement of financial affairs. Mr. Marler prepared the petition, verification of schedules, statement of financial affairs, and statement of intent filed by Debtor. Mr. Marler failed to identify himself as a petition preparer on the documents. He did not sign the documents, nor did he provide his social security number on them.[1]

Mr. Marler did not provide Debtor with Official Form 19, Declaration and Signature of

---

[1] The official forms include a section for the bankruptcy petition preparer to provide all the required information. None of the documents filed by Debtor included such a section. Consequently, the United States Trustee initially alleged that Mr. Marler altered the forms. However, the UST later abandoned that allegation.

Non-Attorney Bankruptcy Petition Preparer, nor did he obtain Debtor's signature on such a form prior to receiving payment from her and preparing documents for her. Although Mr. Marler never told Debtor he was an attorney, he never denied being an attorney. In fact, Debtor testified she believed Mr. Marler was an attorney. Her testimony is corroborated by her application to waive the filing fee, which Debtor prepared without Mr. Marler's assistance. Question 12 of the application asks: "Have you paid an **attorney** any money for services in connection with this case, including the completion of this form, the bankruptcy petition, or schedules?" (emphasis in original). Debtor indicated she paid an attorney $249. Question 14 asks: "Have you paid **anyone other than an attorney** (such as a bankruptcy petition preparer, paralegal, typing service, or another person) any money for services in connection with this case, including the completion of this form, the bankruptcy petition, or schedules?" (emphasis in original). Debtor indicated she had not.

Debtor's Schedule C listed various property claimed as exempt as well as corresponding Georgia Code sections that provide for the specific exemptions. Debtor did not supply those code sections to Mr. Marler. Instead, the computer program Mr. Marler used to create the petition automatically inserted the code sections.

The UST alleged Mr. Marler advised Debtor about which Chapter to file under and about seeking a waiver of the filing fee. However, Debtor's testimony on these points indicates she received assistance on these matters from a cousin; not from Mr. Marler.

### Conclusions of Law

Mr. Marler concedes he is a bankruptcy petition preparer ("BPP") as defined by 11 U.S.C. § 110(a)(1). Therefore, he is subject to penalties for negligently or fraudulently preparing

3

a bankruptcy petition as set forth in § 110, which can be summarized in relevant part as follows:

- A BPP must sign and print his name and address on any document he prepares for filing.  Id. § 110(b)(1).

- Before preparing any documents or accepting any fees, a BPP must provide the debtor with Official Form 19, which informs the debtor the BPP is not an attorney and cannot provide legal advice.  The form must be signed by the debtor and the BPP and must be filed with any documents prepared by the BPP for filing.  Id. § 110(b)(2).

- A BPP must place his social security number after his signature on any document he prepares for filing.  Id. § 110(c)(1), (2).

- A BPP may not offer a potential bankruptcy debtor any legal advice.  Id. § 110(e)(2)(A).

- The Court may order the BPP to turn over to the United States Trustee any fee exceeding the value of any services provided.  Id. § 110(h)(3)(A).

- A BPP may forfeit all fees if he fails to comply with the requirements of § 110.  Id. § 110(h)(3)(B).

- The Court may enjoin a BPP from engaging in conduct that violates § 110.  Id. § 110(j)(2)(A).

- The Court may enjoin a BPP from preparing petitions if he has continually engaged in conduct that violates § 110 and an injunction of that conduct would be insufficient to prevent the BPP from interfering with administration of the Bankruptcy Code.  Id. § 110(j)(2)(B).

- A BPP who fails to comply with the requirements of § 110 may be fined no more than $500 per violation.  Id. § 110(l)(1).

- The court shall triple the fine if the BPP "prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer."  Id. § 110(l)(2)(D).

Violations

In this case, Mr. Marler violated § 110(b)(1) four times by failing to print and sign his name on the petition, the verification of schedules, the statement of financial affairs, and the

statement of intention.

Mr. Marler violated § 110(b)(2) by accepting fees from Debtor before providing her with Form 19.

Mr. Marler violated § 110(c) four times by failing to put his social security number on the petition, the verification of schedules, the statement of financial affairs, and the statement of intention.

Mr. Marler violated § 110(e)(2) by using software that made legal determinations regarding Debtor's exemptions.

Penalties

Turning to the penalty for Mr. Marler's violations of § 110, the United States Trustee has requested disgorgement of fees, an injunction against any further petition preparation, and the maximum fines allowed.

Mr. Marler uses a software program to prepare schedules for prospective debtors. The documents output by the program in this case did not include lines for the bankruptcy petition preparer's name, signature, and social security number. The Court concludes this omission was the result of Mr. Marler's negligent use of the software rather than fraud. While this explanation does not excuse Mr. Marler's violations of § 110(b) and (c), it is a mitigating factor in determining the amount of his fine.

Furthermore, Mr. Marler's use of the software is responsible for his violation of the prohibition on providing legal advice. Deciding whether a debtor is entitled to exemptions and the extent of those exemptions is a legal judgment. Debtor did not provide Mr. Marler with any information regarding exemptions. Instead, the software automatically elected the exemptions.

Even though Mr. Marler did not personally choose the exemptions, he provided Debtor with a finished product that incorporated legal determinations that were not made by Debtor. Thus, while the Court concludes Mr. Marler did not intend to provide legal advice, he effectively did so by using the software. The Court will not go so far to say that use of bankruptcy software is a per se violation of § 110. However, as this case demonstrates, it exposes BPPs to the possibility of inadvertently providing legal advice.

*Fees:* The Bankruptcy Code authorizes the Court to order full disgorgement of fees for a violation of § 110 or the disgorgement of excessive fees. In this case, the Court has listed numerous violations by Mr. Marler under subsections (b), (c), and (e). Therefore, the Court can and will require him to forfeit the full $249 he received from Debtor, without regard to its excessiveness.[2]

*Injunction:* The majority of the violations in this case were due to Mr. Marler's incorrect use of his software program rather than any intentional noncompliance. The Court is persuaded the violations were unintentional and can be remedied without resort to an injunction. The UST has indicated it has requested sanctions against Mr. Marler in several other cases pending in this district. However, those cases have not been resolved and their facts have not been established. Therefore, they can offer no support as to the necessity of imposing an injunction in this case.

*Fines:* Although an injunction is not appropriate in this case, fines are. First, with regard to Mr. Marler's failure to put his social security number on the required documents, the Court will fine him $50 for each of the four violations, for a total of $200. Second, with regard to Mr.

---

[2] When excessiveness is at issue, the UST may have the initial burden of proof. However, because the Court has other grounds for ordering disgorgement, it need not determine where the burden lies for proving excessiveness of fees.

Marler's failure to place his name and signature on the required documents, the Court will fine him $50 for each of the four violations. Because these violations resulted in him preparing documents that failed to reveal his identity, the fines must be tripled, for a total of $600. Third, with regard to providing Debtor with legal advice as to her exemptions, the Court will fine Mr. Marler $50.

Fourth, the Court finds Mr. Marler's failure to provide Debtor with Form 19 to be his most egregious violation of § 110 and will, therefore, impose the maximum fine of $500. Form 19 "is intended to make clear to the debtor that a bankruptcy petition preparer cannot provide the same services as an attorney." 2 Collier on Bankruptcy ¶ 110.03[3] (15th ed. rev'd 2008). Bankruptcy is a complex arena, filled with potential legal pitfalls for the pro se debtor. Therefore, a debtor needs to fully understand she is proceeding without the benefit of reliable legal advice. In this case, the Court is persuaded by Debtor's testimony and the information she provided on her motion to proceed in forma pauperis that she believed Mr. Marler was an attorney and that she had legal representation. Had Mr. Marler provided Debtor with Form 19, she would have had no basis for such a belief.

## Conclusion

The Court finds Mr. Marler's conduct constitutes multiple violations of § 110. Consequently, the Court will require him to return his fee of $249 and to pay fines totaling $1,350 to the United States Trustee.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT